LJF:CHB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          **M-08-026**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA                C O M P L A I N T

    - against -                        (T. 21, U.S.C., § 963)

CRISTHIAN ANDRES FRANCO,

    Defendant.

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

    GREGORY JURCZAK, being duly sworn, deposes and states that he is a Special Agent with United States Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

    Upon information and belief, on or about and between January 7, 2008 and January 10, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CRISTHIAN ANDRES FRANCO, together with others, did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing heroin, a Schedule I controlled substance, in violation of Title 21, U.S.C., § 952(a).

    (Title 21, United States Code, Sections 963.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about January 9, 2008, an orange and white package arrived in Miami, Florida from Guayaquil, Ecuador. The package listed the destination address as "CARLOS MARTIN GONZALES VILLEGAS, 133 GUERNSEY STREET, BROOKLYN, NY 11222," and bore a return address of "JOSE ANDRES RIOS MALAVE, ALBORADA XETAPA MZ 58 V 22, GUAYAQUIL, ECUADOR."

2. On or about January 9, 2008, Customs and Border Protection ("CBP") Officers performed an intensive exam of the package and determined that the package contained approximately 212 grams of heroin concealed within two picture frames.

3. Special Agents with ICE identified Apartment 1R as the intended address for the package and performed a controlled delivery of the package to that address on January 10, 2008. Prior to performing a controlled delivery, Special Agents installed an electronic trip device within the package and obtained from the Eastern District of New York an anticipatory search warrant to be executed when the package was opened.

4. At approximately 5:15 PM on January 10, 2008, Special Agents with ICE delivered the package to a woman in Apartment 1R.

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

5. Approximately ten minutes after the package was delivered, the electronic trip device indicated that the package had been opened.

6. After the trip device indicated that the package had been opened, Special Agents with ICE entered the residence.

7. Special Agents with ICE then interviewed FRANCO, who was inside the residence. After obtaining general pedigree information, Special Agents with ICE advised FRANCO of his constitutional rights. FRANCO waived his Miranda rights and stated, among other things and in sum and substance, that the package was intended for him, that he was anticipating its arrival, that it was being sent to him by an individual in Ecuador, and that he knew that the package contained narcotics.

WHEREFORE, your deponent respectfully requests that the defendant CRISTHIAN ANDRES FRANCO be dealt with according to law.

GREGORY JURCZAK
Special Agent
U.S. Bureau of Immigration and Customs Enforcement

Sworn to before me this
11th day of January, 2008

THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK